**FILED**

OCT 30 2023

CLERK, U.S. DISTRICT COURT
NORTH DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRADLEY CARL HULLINGER,

       Plaintiff,

    v.

X CORP.,

       Defendant.

Case No.  23-cv-05590-HSG

**ORDER SETTING INITIAL CASE
MANAGEMENT CONFERENCE
AND ADR DEADLINES**

     IT IS HEREBY ORDERED that this action is assigned to the Honorable Haywood S. Gilliam, Jr.. When serving the complaint or notice of removal, the plaintiff or removing defendant must serve on all other parties a copy of this order and all other documents specified in Civil Local Rule 4-2. Counsel must comply with the case schedule listed below unless the Court otherwise orders.

     IT IS FURTHER ORDERED that this action is assigned to the Alternative Dispute Resolution (ADR) Multi-Option Program governed by ADR Local Rule 3. Counsel and clients shall familiarize themselves with that rule and with the material entitled "Dispute Resolution Procedures in the Northern District of California" on the Court's ADR webpage at www.cand.uscourts.gov/adr. A limited number of printed copies are available from the Clerk's Office.

United States District Court
Northern District of California

United States District Court
Northern District of California

| CASE SCHEDULE – ADR MULTI-OPTION PROGRAM | | |
|---|---|---|
| **Date** | **Event** | **Governing Rule** |
| 10/30/2023 | Complaint Filed | |
| 1/9/2024 | *Last day to:<br>• meet and confer re: initial disclosures, early settlement, ADR process selection, and discovery plan | F.R. Civ. P. 26(f) & ADR L.R.3-5 |
| | • file ADR Certification signed by Parties and Counsel (available at www.cand.uscourts.gov) | Civil L.R . 16-8(b) & ADR L.R. 3-5(b) |
| 1/23/2024 | **Last day to file Rule 26(f) Report, complete initial disclosures or state objection in Rule 26(f) Report and file Case Management Statement per Standing Order re Contents of Joint Case Management Statement (available at www.cand.uscourts.gov) | FRCivP 26(a) (1) Civil L.R . 16-9 |
| 1/30/2024 | INITIAL CASE MANAGEMENT CONFERENCE (CMC) at 2:00 PM in:<br><br>Courtroom 2, 4th Floor (Oakland)<br>Ronald Dellums Federal Building<br>1301 Clay Street<br>Oakland, CA 94612 | Civil L.R . 16-10 |

\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 21 days in advance of the Initial Case Management Conference.

\*\* If the Initial Case Management Conference is continued, unless otherwise ordered this deadline is continued to 7 days in advance of the Initial Case Management Conference.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL CASES BEFORE
DISTRICT JUDGE HAYWOOD S. GILLIAM, JR.**

**CONFORMITY TO RULES**

1.      Parties and counsel shall follow the Federal Rules of Civil Procedure, the Civil Local Rules, and the General Orders of the Northern District of California, except as superseded by this Court's standing orders.

**SERVICE OF STANDING ORDER**

2.      Plaintiff (or in the case of removed cases, any removing defendant) shall promptly serve copies of this standing order upon all parties to the action, and upon those subsequently joined, in accordance with the provisions of Federal Rules of Civil Procedure 4 and 5.  Following service, the responsible party shall file a certificate of service with the Clerk of this Court.

**COMMUNICATION WITH THE COURT**

3.      Counsel shall not attempt to contact Judge Gilliam or his chambers staff by telephone, email, or any other *ex parte* means, but may contact his Courtroom Deputy, Nikki Riley, at (510) 637-3543 regarding scheduling or other appropriate matters.

**SCHEDULING**

4.      All hearings and appearances will be held in Courtroom 2 on the 4th Floor of the United States Courthouse, 1301 Clay Street, Oakland, California.

5.      Civil case management conferences are generally conducted on Tuesdays at 2:00 p.m.

6.      Civil pretrial conferences are generally conducted on Tuesdays at 3:00 p.m.

7.      Civil motions are generally heard on Thursdays at 2:00 p.m.

8.      Trials are generally conducted from 8:30 a.m. until 1:30 p.m., Monday through

1   Friday.  Please refer to this Court's Civil Pretrial and Trial Standing Order for information

2   regarding civil trials.

3       9.      Counsel need not reserve motion hearing dates, but should check Judge Gilliam's

4   scheduling notes on the Court's website to determine the next available law and motion calendar

5   date.  Motions may be reset as the Court's calendar requires.  The order of call on each calendar

6   will be determined by the Court.  Scheduling questions should be addressed to Judge Gilliam's

7   Courtroom Deputy.

8       10.     The Court may find a matter suitable for disposition without oral argument and

9   vacate the hearing on the matter.  If, however, any party advises the Court in writing by no later

10  than two days from the date of the order vacating the hearing that the argument for its side will be

11  conducted by a lawyer who has been licensed to practice law for five or fewer years, then the

12  Court will consider rescheduling the hearing in order to provide that opportunity.

13                  **INVITATION TO SELF-IDENTIFY PRONOUNS AND HONORIFICS**

14      11.     Litigants and lawyers may indicate their pronouns (*e.g.*, she/her, he/him, they/their)

15  and honorifics (*e.g.*, Mr., Ms., Mx., Dr.) by filing a letter, adding the information in the name

16  block or signature line of the pleadings, or verbally informing the Court when making an

17  appearance.

18                          **CASE MANAGEMENT CONFERENCES**

19      12.     The parties must file a joint case management statement addressing those items

20  required by the Standing Order for all Judges of the Northern District of California.  Parties shall

21  file their joint statement not less than seven calendar days prior to the case management

22  conference.  In cases involving pro se litigants, the parties may file separate case management

23  statements.

24      13.     Consistent with Local Rule 16-8(c) and Alternative Dispute Resolution ("ADR")

25  Local Rule 3-5(b), at least seven calendar days prior to the case management conference, the

26  parties shall also file the Stipulation and Proposed Order form, which identifies the ADR process

27  that the parties have selected and a proposed deadline by which the parties will conduct the ADR

28  session.  The court form is available at:

United States District Court
Northern District of California

2

1    https://www.cand.uscourts.gov/filelibrary/3389/ADR_Stip_fillable.pdf

2    The default timing for ADR is within 90 days of the initial case management conference.  To the

3    extent the parties cannot agree on form or timing, they should explain the dispute in the joint

4    statement and be prepared to discuss it at the initial case management conference.

5          14.    In proposing a case schedule, the parties should agree on a trial date and work

6    backward from that date to ensure adequate time for expert discovery, dispositive and *Daubert*

7    motions, class certification motions, and other events.  The Court provides the following

8    additional guidance:

9          • *Daubert* motions must be filed and heard by the dispositive motion hearing deadline.

10         • The parties must allow at least twelve weeks between the proposed dispositive and

11           *Daubert* motions hearing deadline and the proposed final pretrial conference.

12         • The parties must also allow at least two weeks between the proposed final pretrial

13           conference and the first day of the proposed trial.

14   The Court's expectation is that many cases can and should be able to be tried within twelve

15   months of the case management conference.  Counsel requesting longer pretrial periods must be

16   prepared to justify that request at the initial case management conference.

17         15.    Once the Court has entered a case schedule, the parties may not move the dates

18   except by Court order.  If the parties seek to move one of these dates, the parties must file a joint

19   statement of no more than three pages proving particularized good cause for the requested change.

20   A trial date typically will be set at the initial case management conference.  Once set, the trial date

21   will not be continued absent compelling good cause.

22         16.    The attorney appearing at a case management conference must have full authority

23   to make decisions about any issue that may come up during the conference.

24                          **TELEPHONIC APPEARANCES**

25         17.    Attorneys located outside the Northern District of California may request to

26   participate in case management conferences by telephone.  Attorneys located in the Northern

27   District may not appear by telephone absent a showing of good cause.  In general, any attorney

28   who wishes to argue at a motion hearing may not appear telephonically.  Parties must file any

3

United States District Court
Northern District of California

1    request to appear by telephone at least three days in advance of the case management conference

2    or hearing.

3          18.     Where feasible, parties shall make telephonic appearances using a landline, rather

4    than a mobile phone.

### DISCOVERY DISPUTES

6          19.     Discovery disputes should be brought to the Court's attention as early as possible.

7    If the parties cannot resolve their discovery dispute after a good faith effort, they shall prepare and

8    file a joint letter of no longer than five pages stating the nature and status of their dispute.  As soon

9    as a discovery-related matter arises, the Court may refer the case to a Magistrate Judge to handle

10   all discovery disputes.  After a Magistrate Judge has been assigned to a case for discovery, the

11   parties in that case must handle any discovery matters according to the procedures set by that

12   Judge.

13         20.     The parties must allow sufficient time for the assigned Magistrate Judge to resolve

14   discovery disputes before the close of discovery.  Absent truly compelling reasons, the Court will

15   not extend case deadlines based on a pending discovery dispute.

### MOTIONS FOR SUMMARY JUDGMENT

17         21.     Parties are limited to filing one motion for summary judgment.  Any party wishing

18   to exceed this limit must request leave of Court and must show good cause.

19         22.     Joint statements of undisputed facts are not required but are helpful if completely

20   agreed upon.  Separate statements of undisputed facts may not be filed.

### EXHIBITS

22         23.     Where each party relies on the same exhibit, the later-filing party should cite to the

23   earlier-filed exhibit and should not file a duplicate exhibit.  If possible, the parties should meet and

24   confer prior to filing a motion and submit a joint appendix of evidence.

### CITATIONS

26         24.     If either party cites to an unpublished case, the Court generally prefers Westlaw

27   citations.  If the Westlaw citation cannot be provided, the party should include the case number,

28   court name, and exact date of publication in the citation.

**PROPOSED ORDERS**

25.     Proposed orders shall be submitted in Word format by email to HSGpo@cand.uscourts.gov on the same day the proposed order is e-filed.

**FILING AND COURTESY COPIES**

26.     Each PDF document should be text-searchable whenever practicable. This requirement is waived for litigants proceeding pro se.

27.     Paper courtesy copies shall not be submitted unless the Court requests them. The Court may at times order the parties to provide digital courtesy copies of motions filings, including supporting documents, on portable media (*e.g.*, a CD or flash drive).

**MOTIONS TO SEAL**

28.     Any party seeking to file a document under seal must carefully review and comply with Civil Local Rule 79-5, except as that Rule is modified here for civil cases before Judge Gilliam.

29.     When submitting a motion to seal, the filing party must state whether the compelling reasons or good cause standard applies and explain why. *See Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-82 (9th Cir. 2006).

30.     The filing party must make a specific showing explaining why each document that it seeks to seal may justifiably be sealed and why the proposed redactions are as narrowly tailored as possible, rather than making blanket statements about the grounds for sealing. Generic and vague references to "competitive harm" are almost always insufficient justification for sealing.

31.     Any proposed order under Civil Local Rule 79-5(c)(3) must include in the table for each item sought to be sealed:  (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority.

//

//

32.     Parties may use the following format as a guide:

| Docket No.<br>Public/<br>(Sealed) | Document | Portion(s) Sought to<br>be Sealed | Evidence Offered in<br>Support of Sealing | Ruling |
|---|---|---|---|---|
| Dkt. No. ___ /<br>(Dkt. No. ___ ) | Defendant's Motion for<br>Summary Judgment | p. 7, ll. 19–28 | Smith Declaration at ¶ 2 | |

33.     Any declaration by a Designating Party under Civil Local Rule 79-5(f)(3) must include a new proposed order in the tabular format required by Civil Local Rule 79-5(c)(3) that includes the Designating Party's reasons for sealing the material. In addition, any declaration by a Designating Party under Civil Local Rule 79-5(c)(3) that seeks less extensive sealing than its associated administrative motions to seal must be accompanied by revised redacted and unredacted versions of the documents sought to be sealed that comply with the requirements of Civil Local Rule 79-5(d) and (e), including the requirement that the portions sought to be sealed must be clearly marked on the unredacted version.

**IT IS SO ORDERED**.

Dated:  January 4, 2022

_Haywood S. Gilliam Jr._
HAYWOOD S. GILLIAM, JR.
United States District Judge

# STANDING ORDER FOR ALL JUDGES
## OF THE NORTHERN DISTRICT OF CALIFORNIA
### CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

All judges of the Northern District of California require identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1. <u>Jurisdiction and Service</u>: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2. <u>Facts</u>: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3. <u>Legal Issues</u>: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4. <u>Motions</u>: All prior and pending motions, their current status, and any anticipated motions.

5. <u>Amendment of Pleadings</u>: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6. <u>Evidence Preservation</u>: A brief report certifying that the parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirming that the parties have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action. *See ESI Guidelines 2.01 and 2.02, and Checklist for ESI Meet and Confer.*

7. <u>Disclosures</u>: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26, and a description of the disclosures made.

8. <u>Discovery</u>: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, a brief report on whether the parties have considered entering into a stipulated e-discovery order, a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f), and any identified discovery disputes.

9. <u>Class Actions</u>: If a class action, a proposal for how and when the class will be certified, and whether all attorneys of record for the parties have reviewed the Procedural Guidance for Class Action Settlements.

10. <u>Related Cases</u>: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11. <u>Relief</u>: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

*Effective January 17, 2023*

12. <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13. <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

14. <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses. The parties shall jointly identify (in bold or highlight) one to three issues which are the most consequential to the case and discuss how resolution of these issues may be expedited.

15. <u>Expedited Trial Procedure</u>: Whether this is the type of case that can be handled under the Expedited Trial Procedure of General Order No. 64 Attachment A. If all parties agree, they shall instead of this Statement, file an executed Agreement for Expedited Trial and a Joint Expedited Case Management Statement, in accordance with General Order No. 64 Attachments B and D.

16. <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

17. <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

18. <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

19. <u>Professional Conduct</u>: Whether all attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

20. Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# OAKLAND DIVISION

### Office hours: 9:00 A.M. TO 4:00 P.M.
### 510.637.3530 | cand.uscourts.gov

The instructions and information on this handout apply to cases and filings that are not included in the Northern District's electronic filing program. For information about e-filing, visit cand.uscourts.gov/cm-ecf.

In addition to the local rules, these instructions are designed to ensure that the filing process is accomplished with ease and accuracy. For additional information or assistance, please call the above number during office hours.

## FILING INFORMATION

1. The Oakland Division only accepts filings for cases assigned to Oakland judges. We do not accept filings for cases assigned to district judges or magistrate judges in the San Francisco or San Jose Divisions, per Civil L.R. 3-2(b).

2. This office will retain the original plus one copy of most documents submitted. We will file-stamp as many copies as you bring for your use. Related cases require an extra copy for **each** related action. We will deliver the copy to the assigned Judge. This serves as the "courtesy copy" or "chambers copy."

3. In order to facilitate the file stamping process, each original document should be submitted on top of its copies. In other words, group like documents together (as opposed to a set of originals and separate sets of copies).

4. The case number must indicate whether it is a civil or criminal matter by the inclusion of **C** or **CR** in the number and must include the initials of the district judge or magistrate judge after the case numbers. Miscellaneous and foreign judgment matters should be denoted with the initials **MISC** at the end of the case number.

5. The document caption should include the assigned district judge or magistrate judge in the matter or before whom an appearance is being made. This is especially important when submitting Settlement Conference Statements.

6. A proof of service should be attached to the back of each document. If submitted separately, attach a pleading page to the front of the document showing case number and case caption.

7. Documents are to be stapled or Acco-fastened at the top and appropriate sized, stamped, self-addresses return envelopes are to be included when filing documents by mail.

8. A Drop Box for filing when the Clerk's Office is closed is available. Please visit

our website for further details: cand.uscourts.gov/dropbox.

9. After payment of the initial filing fee (or submission of an in forma pauperis request), there are no further fees to be paid in connection with filing additional documents in a case, except for the filing of a Notice of Appeal.

## ADDITIONAL INFORMATION

10. Forms and local rules may be downloaded from the court's website: cand.uscourts.gov. They may also be requested in person from the Clerk's Office.

11. Two computer terminals which allow public access to case dockets are located in the reception area of the Clerk's Office. File viewing tables are located in the reception area. File viewing hours are 9:00 a.m. to 3:30 p.m. Electronic access to dockets and court filings are available through PACER. To obtain information or to register visit pacer.gov or call 1-800-676-6851.

12. A pay copy machine is located in the reception area for public use, at twenty-five cents ($0.25) per page. The Clerk's Office can only accept payment by exact change, check made payable to Clerk, U.S. District Court, or credit card if paying in person.